# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAUL CANGELOSI

### DEFENDANTS
New York Life Insurance Company, New York Life Investment Management, LLC, NYLIFE Securities, Peter M. Kirkland, John Hancock Financial and John Hancock Retirement Plan Services LLC

**(b)** County of Residence of First Listed Plaintiff: **EAST BATON ROUGE**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **New York County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carey T. Jones, 1234 Del Este Avenue, Suite 803, P.O. Box 700, Denham Springs, LA 70727; (225) 664-0077; Celia R. Cangelosi, 5551 Corporate Blvd., Suite 101, Baton Rouge, LA 70808; (225) 231-1453

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 800,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/21/2015
SIGNATURE OF ATTORNEY OF RECORD: s/Celia R. Cangelosi

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CA NO.

PAUL M. CANGELOSI

VERSUS

NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INVESTMENT MANAGEMENT, LLC, NYLIFE SECURITIES, LLC, PETER M. KIRKFIELD, JOHN HANCOCK FINANCIAL AND JOHN HANCOCK RETIREMENT PLAN SERVICES, LLC

COMPLAINT

The plaintiff, Paul M. Cangelosi, through his undersigned counsel, for his Complaint against the defendants, states:

JURISDICTION AND VENUE

1. Plaintiff brings this action under the laws of the State of Louisiana.

2. The plaintiff is a citizen of the State of Louisiana.

3. No defendant is a citizen of the State of Louisiana but all of the defendants conduct substantial business in Louisiana and derived substantial revenue from the events and transactions that give rise to the complaint.

4. This court has jurisdiction pursuant to 28 U.S.C. §1332, which gives district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

5. The plaintiff's claim exceeds the sum of $75,000.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because all or

a substantial part of the events, acts and/or omissions giving rise to the claim occurred in the district.

PARTIES

I.  Plaintiff

7.  The plaintiff is a citizen of the United States and the State of Louisiana with his residence and domicile in East Baton Rouge Parish, Louisiana within the district.

II.  Defendants

8.  NEW YORK LIFE INSURANCE COMPANY, a foreign corporation with principal place of business outside Louisiana believed to be in New York City, New York.

9.  NEW YORK LIFE INVESTMENT MANAGEMENT, LLC, a foreign limited liability corporation, believed to be organized under the laws of Delaware, a wholly owned subsidiary of New York Life Insurance Company, with addresses of: 846 University Avenue, Norwood MA 02062 and 169 Lackawanna Avenue, Parsipanny, NY 07054.

10. NYLIFE SECURITIES, LLC, a foreign limited liability company, a registered broker-dealer and a wholly owned subsidiary of New York Life Insurance Company, and whose address is 51 Madison Avenue, Room 251, New York, NY 10010-1603.

11. PETER M. KIRKFIELD, believed to be a resident of the state of Illinois, and formerly the Director-Relationship Manager for NYLIM-Retirement Plan Services, whose business address is 690 Canton Street, Westwood, MA 02090, now believed to be employed by John Hancock.

12. JOHN HANCOCK FINANCIAL, a foreign entity, the United States Division of Manulife Financial Corporation (a Canada based financial services group), with principal office at 601 Congress Street, Boston, MA 02210, which acquired New York Life's Retirement Plan Services

business on or about April of 2015 and combined New York Life's Retirement Services with John Hancock Retirement Plan Services.

13. JOHN HANCOCK RETIREMENT PLAN SERVICES, LLC, a Massachusetts limited liability company, with principal place of business at 601 Congress Street, Boston, MA 02210, with a registered office and place of business in Louisiana and which has designated Corporate Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129 as its agent for service of process.

GENERAL ALLEGATIONS

14. Paul M. Cangelosi became a New York Life Insurance Company agent in 2003.

15. To improve and enhance his value to New York Life Insurance Company and to expand business opportunities in the investment field, Cangelosi qualified for and obtained a securities license and so became able to solicit and act as a broker for products such as retirement plans and mutual funds as well as life insurance policies issued by New York Life Insurance Company.

16. New York Life Insurance Company encouraged Cangelosi to solicit products sold through New York Life Insurance Company subsidiaries and divisions of subsidiaries that Cangelosi was authorized to sell by virtue of his securities license.

17. Prior to New York Life Insurance Company, Cangelosi worked for a large equipment company based in the State of Louisiana by the name of Head and Enquist, now H & E Equipment Services, Inc. (hereinafter "H & E"), and in the course of his work for Head & Enquist, Cangelosi established a relationship of trust.

18. Based upon his personal and professional relationship with H & E's management and drawing upon his knowledge of the company's employee retirement plan, Cangelosi believed that

H & E's employee retirement plan could be improved, and he approached H &E representatives about changing their employee retirement plan and found H & E amenable to such a change in their plan.

19. Cangelosi was aware of a retirement plan available through a New York Life Insurance Company subsidiary, New York Life Investment Management, LLC (NYLIM) that he considered to be a good plan for H & E, and he recommended the NYLIM plan to H & E as a good fit for H & E.

20. Cangelosi took H & E to NYLIM, and over the summer and into the fall of 2004 Cangelosi worked with other NYLIM personnel to propose a retirement plan for H & E's employees.

    a. Cangelosi was, during the solicitation period, held out as a representative of NYLIM and at all times identified as a "team member" in crafting a retirement plan for H & E.

    b. NYLIM brochures and solicitation materials disseminated to H & E represented that "Allied with Paul Cangelosi", we will tailor your plan to suit your needs.

21. H & E accepted the NYLIM plan on or around December 15, 2004.

22. Cangelosi was lauded for his sale of the retirement plan in the NYLIC Review for the October 2006 quarter, the field magazine for New York Life agents, in an article entitled "Selling to the Retirement Need: A Case Study", touting Cangelosi's sale of one of the largest 401k plans in Company history.

23. At the inception of the H & E Equipment Services, Inc. 401(k) Profit Sharing Plan, revenue to NYLIM was derived from the purchase of mutual funds for plan investments, one or more of which required a securities license, paid in the form of gross dealer compensation by the mutual funds in which the plan managers invested.

24. Compensation was apportioned among NYLIM team members, including Cangelosi,

by agreement confirmed by letter and established by a course of dealing and performance from 2005 to 2014.

25. The percentage of the total NYLIM revenue apportioned to Cangelosi was established at 25 basis points and a trail of 20 basis points, which grew to approximately $80,000.00 annually, depending upon the investments by the plan.

26. NYLIM continues to derive revenue from the administration of the retirement plan at roughly the same rate as it has since Cangelosi took the plan to NYLIM, but Cangelosi's compensation, despite a clear agreement that called for him to received a percentage of NYLIM's total revenue derived from the plan, ceased in 2014.

27. The termination of Cangelosi's compensation agreement with NYLIM came as a result of a meeting held on May 21, 2014 between NYLIM representatives, including Cangelosi, and H & E representatives.

28. At the meeting, H & E asked Peter Kirkfield (Kirkfield), Director-Relationship Manager for NYLIM-Retirement Plan Services, for NYLIM"s lowest price for the administration of the plan, and Kirkfield lowered NYLIM's price by effectively eliminating Cangelosi's compensation.

29. Cangelosi believes and therefore avers that NYLIM and/or Kirkfield effectively engineered a request by H & E to remove Cangelosi from the plan administration, which enabled Kirkfield and NYLIM to justify their unilateral termination of Cangelosi's compensation.

30. Cangelosi believes and therefore avers that Kirkfield and NYLIM engineered the request for removal by:

    a. Misstating to H & E the amount of Cangelosi's compensation;

   b. Suggesting to H & E that the amout of Cangelosi's compensation was excessive;

   c. Suggesting that H & E representatives would have to be billed directly for Cangelosi's compensation despite NYLIM's clear agreement with Cangelosi to pay him compensation from the total NYLIM revenue derived from the gross dealer compensation from the mutual funds.

   d. Undermining Cangelosi's relationship with H & E and denigrating his value and contribution to the H & E retirement plan;

   e. Disavowing Cangelosi as a member of the NYLIM team.

31. The termination of Cangelosi's compensation resulted in a direct loss of $80,000.00 for 2014 and continued annual loss in the future, depending upon the amount of investments in the plan.

32. Cangelosi is also a registered representative with NYLIFE Securities, LLC, and there is in force and effect a compensation schedule and agreement between NYLIFE Securities LLC and Cangelosi which calls for compensation to Cangelosi as result of sales of registered products.

33. NYLIM has continued to use Cangelosi's securities license to purchase mutual funds in the H & E retirement plan without compensating Cangelosi for the use thereof.

34. On or about April, 2015, John Hancock Financial acquired the business of New York Life Retirement Plan Services, a division of New York Life Investment Management, LLC, and combined New York Life's Retirement Services business with John Hancock Retirement Plan Services, believed to be now known as John Hancock Retirement Plan Services, LLC, making John Hancock Financial and/or John Hancock Retirement Plan Services, LLC, and upon information and belief succeeded to the liabilities of the defendants, NYLIM.

35. The foregoing allegation and averments set out as General Allegations are applicable

to each and every cause of action set forth below and herein and the General Allegations are incorporated for each such cause of action as if repeated in extenso as to each.

## FIRST CAUSE OF ACTION
(Breach of Contract)

36. NYLIM entered into a contract with Cangelosi directly or as third party beneficiary of a contract between NYLIM and New York Life Insurance Company whereby it was agreed that Cangelosi would be paid a percentage of NYLIM and/or New York Life Insurance Company revenues generated by the H & E employee retirement plan.

37. The compensation agreement was confirmed in writing and by a course of dealing and performance between 2004 to May 21, 2014.

38. By unilaterally terminating Cangelosi's compensation agreement and by engineering his removal as a member of the NYLIM team, NYLIM and/or New York Life Insurance Company breached their contract with Cangelosi, including the implied covent of good faith and fair dealing, which resulted in the loss of compensation due Cangelosi for bringing the plan to NYLIM and continuing to participate in the administration of the plan.

39. Moreover, in the administration of the retirement plan, the purchase of at least one and probably more of the mutual funds utilized as a part of the plan required a licensed securities broker.

40. A part of Cangelosi's role in the administration of the H & E retirement plan was the purchase of the mutual funds used as investments for the plan under his securities license.

41. After Cangelosi was removed from the administration the plan and without his knowledge, NYLIM continued to use Cangelosi's securities to purchase the mutual funds for the

plan.

42. Moreover, New York Life Securities and New York Life Insurance Company had in force and effect at all time pertinent to these transactions a compensation schedule and agency agreement providing for payments to agents for sales of securities.

43. At no time after Cangelosi's removal from the plan administration was Cangelosi paid compensation in breach of the compensation schedule and agency agreement.

44. The additional breach of the compensation schedule and agency agreement resulted in the loss of compensation due Cangelosi as a result of the purchases of mutual funds for the H & E employee retirement plan.

SECOND CAUSE OF ACTION
(Tortious Interference With Contract and Business Relations)

45. Kirkfield and NYLIM further interfered with Cangelosi's business relationship with H & E by interfering with, undermining and engineering his removal from the administration of the retirement plan by H & E.

46. Cangelosi believes and therefore avers that Kirkfield's and NYLIM"s conduct in that regard was, in whole or in part, retaliation against Cangelosi for his refusal to re-negotiate his compensation with NYLIM and so prevented Cangelosi from further dealings with H & E with regard to the retirement plan.

47. Cangelosi believes and therefore avers that Kirkfield and NYLIM acted with actual malice in contriving to remove Cangelosi from participation in the administration of the plan knowing that its unilateral termination of Cangelosi's compensation contract with NYLIM would result in a loss of monies to Cangelosi.

48.     Kirkfield's and NYLIM's conduct resulted in the loss of compensation otherwise due Cangelosi for a percentage of revenues derived by NYLIM from the H & E employee retirement plan.

## THIRD CAUSE OF ACTION
(Breach of Fiduciary Duty)

49.     By virtue of the relationship between NYLIM, New York Life Insurance Company and Cangelosi as team members of the retirement plan, each owed the other a fiduciary duty.

50.     The efforts of Kirkfield acting as agent of NYLIM to remove Cangelosi from participation in the administration of the H & E retirement plan and terminate his compensation amount to a bad faith breach of the fiduciary obligations owed Cangelosi by NYLIM and New York Life Insurance Company.

51.     The breach of NYLIM's and New York Life Insurance Company's resulted in the loss of compensation otherwise due Cangelosi for a percentage of revenues derived by NYLIM and/or New York Life Insurance Company from the H & E employee retirement plan.

## DAMAGES

52.     As a consequence of the conduct of the defendants under the foregoing allegations, Cangelosi sustained a direct loss of $80,000.00 per year in compensation expressed as a percentage of total revenue to NYLIM in connection with the H & E retirement plan and will continue to suffer a loss no less than $80,000.00 for as long as NYLIM or its successor administer the H & E employee retirement plan.

53.     Cangelosi also sustained a loss of compensation for the failure of New York Life Securities and/or New York Life Insurance Company to pay compensation due under the

compensation schedule and agreement in force and effect at the time of the subject transactions above described. To the extent his securities license was used without his knowledge and consent, the amount of this loss is unknown to Cangelosi as of this filing but is estimated at $50,000.00.

WHEREFORE, plaintiff, Paul M. Cangelosi, demands judgment against defendants, New York Life Insurance Company, New York Life Investment Management, LLC, NYLIFE Securities, LLC, Peter M. Kirkfield, John Hancock Financial and John Hancock Retirement Plant Services, LLC, in an amount to be determined at trial, plus interest, expenses and attorney's fees and all relief to which Cangelosi is entitled.

Respectfully Submitted:

s/Celia R. Cangelosi
CELIA R. CANGELOSI
Bar Roll No. 12140
5551 Corporate Blvd., Suite 101
Baton Rouge, LA 70808
Telephone: (225) 231-1453
Facsimile: (225) 231-1456
Email:  celiacan@bellsouth.net

s/Carey T. Jones
CAREY T. JONES
Bar Roll No. 07474
1234 Del Este Avenue, Suite 803
P.O. Box 700
Denham Springs, LA 70727
Telephone: (225) 664-0077
Facsimile:  (225) 664-9477
tjones@tomjoneslaw.com

*Attorneys for Plaintiff, Paul M. Cangelosi*