UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL M. CANGELOSI                          CIVIL ACTION

VERSUS                                     NO. 15-325-SDD-RLB

NEW YORK LIFE INSURANCE
COMPANY, ET AL.

<u>ORDER</u>

Before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production of Documents Against New York Life Investment Management, LLC ("NYLIM") (R. Doc. 23). The Motion is opposed. (R. Doc. 48). Plaintiff has filed a Reply. (R. Doc. 52).

I.      **Background**

On May 21, 2015, Paul M. Cangelosi ("Plaintiff") initiated this diversity action naming as defendants New York Life Insurance Company ("New York Life"); NYLIM; NYLIFE Securities, LLC ("NYLIFE"); Peter M. Kirkfield; John Hancock Financial; and John Hancock Retirement Plan Services, LLC (collectively, "Defendants"). (R. Doc. 1).

Plaintiff asserts that he was hired as an agent for defendant New York Life in 2003, and formerly worked for Head and Enquist, now H&E Equipment Services, Inc. ("H&E"). (R. Doc. 21, "Am. Compl." ¶¶ 14, 17). Plaintiff alleges that after he was hired by New York Life, he obtained a securities license so that he could solicit clients and broker products for his employer and was encouraged by the company to do so. (Am. Compl. ¶¶ 14-15). Plaintiff alleges that he worked as a "team member" with his employer's subsidiary, defendant NYLIM, in recommending a retirement plan to his former employer H&E. (Am. Compl. ¶¶ 19-20). H&E accepted the plan on or around December 15, 2004. (Am. Compl. ¶ 21).

Plaintiff claims that he received compensation for his involvement in the plan until May 21, 2014, when defendant Peter Kirkfield, Director-Relationship Manager for NYLIM-Retirement Plan Services, lowered the administrative costs for the plan by effectively eliminating Plaintiff's annual compensation of approximately $80,000. (Am. Compl. ¶¶ 24-31). Plaintiff further alleges that he is a "registered representative" with NYLIFE, he is entitled to compensation as a result of sales of registered products, and that NYLIM has continued to use his securities license without compensating him. (Am. Compl. ¶¶ 32-33).

Plaintiff alleges that on April of 2015, defendant John Hancock Financial acquired divisions of NYLIM, combined those divisions with another entity to form defendant John Hancock Retirement Plan Services, LLC, making either or both of the John Hancock entities successor to the liabilities of NYLIM. (Am. Compl. ¶ 34).

Plaintiff brings causes of action for breach of contract (Am. Compl. ¶¶ 36-44); tortious interference with contract and business relations (Am. Compl. ¶¶ 45-48); and breach of fiduciary duty (Am. Compl. ¶¶ 49-51). He seeks recovery of lost compensation and other damages. (Am. Compl. ¶¶ 52-53).

On October 14, 2015, Plaintiff served Interrogatories and Requests for Production of Documents on NYLIM. (R. Doc. 23-2).

On January 8, 2016, after receiving certain extensions from Plaintiff, NYLIM provided its responses to the discovery requests. (R. Docs. 23-3).

On February 23, 2016, Plaintiff a letter to NYLIM indicating the perceived deficiencies with the responses. (R. Docs. 23-4). Having never received any supplemental discovery responses despite correspondence between the parties from March 16, 2016 and March 31, 2016,

Plaintiff's counsel deemed any further communication regard the discovery disputes to be futile. (R. Docs. 23-30).

On April 6, 2016, Plaintiff filed the instant motion to compel requesting the Court to order supplemental responses to Interrogatory Nos. 1-15 and Requests for Production Nos. 2, 4-9.

## II.      Law and Analysis

### A.      Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the

burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B.      The Rule 37(a)(1) Conference

As a preliminary issue, the Court will address NYLIM's argument that Plaintiff failed to engage in good faith efforts to resolve the instant discovery disputes prior to filing his motion. (R. Doc. 48 at 3).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The Rule 37 conference is an effort to

4

avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.

Plaintiff's counsel submitted a certification that she made a "good faith attempt to confer with counsel" for NYLIM to resolve the instant discovery disputes prior to filing the instant motion to compel. (R. Doc. 23-30).  In support of this certification, Plaintiff submits a demand letter dated February 23, 2016, seeking withdrawal of general objections and supplemental responses to the discovery requests at issue in this motion.  (R. Doc. 23-31).  In addition, Plaintiff provides 14 exhibits consisting of communications between March 16, 2016 and March 31, 2016, which primarily discuss extensions of discovery deadlines and discovery of electronically stored information. (R. Doc. 23-32 to R. Doc. 23-45).

While Plaintiff's counsel could have made better efforts at discussing resolution of the instant discovery issues with defense counsel, the Court will move on to the merits of the instant motion and will consider each discovery request at issue in turn. Counsel is advised that at the end of this Order is a list of specific information that must be included in any Rule 37 certificate filed in the remainder of this action.

      **C.**     **Individual Discovery Requests**

         **1.**     **Interrogatory No. 1**

**INTERROGATORY NO. 1:**
Please provide the full name and address of each and every person who provided information for answering these interrogatories, and identify by number the interrogatory(ies) for which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:**
Greg Lembrich
51 Madison Avenue
New York, New York 10010
212.576.7309 Voice

Gray Sexton/Alesia M. Ardoin/Jennifer L. Jackson
Sexton-Hebert
10715 N. Oak Hills Parkway
Baton Rouge, LA 70810
225-767-2020

Plaintiff argues that the response is incomplete "because it does not identify the person

who provided information to answer the interrogatory by number as requested." (R. Doc. 23-1 at

7). In response, NYLIM represents that "Greg Lembrich provided the information used to

answer all of the interrogatories. . . ." (R. Doc. 48 at 5).

Based on the foregoing, the Motion is denied as moot regarding Interrogatory No. 1.

### 2.    Interrogatory No. 2

**INTERROGATORY NO. 2:**
Please disclose the amount of money, revenue, compensation and/or fees that
New York Life Investment Management, LLC received or derived from the H&E
Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004
to the present.

**RESPONSE TO INTERROGATORY NO. 2:**
Please see the spreadsheet titled "Response to Interrogatory Nos. 2 & 3" produced
in response to the discovery requests propounded on NYLIFE Securities, LLC.

Plaintiff argues that the response is incomplete "because the information requested is not

contained on the spreadsheet" produced. (R. Doc. 23-1 at 7). NYLIM responds that the

spreadsheet does, in fact, contain the information requested. (R. Doc. 48 at 6).

As no specific objection was raised regarding this interrogatory, and there is a dispute

between the parties regarding whether the information sought is ascertainable from the

spreadsheet produced, the Court will require NYLIM to answer the interrogatory by providing

the total "amount of money, revenue, compensation and/or fees" as requested for each year from

2004 to the present.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 2.  A supplemental response must be provided within 14 days of the date of this Order.

### 3. Interrogatory No. 3

**INTERROGATORY NO. 3:**
Provide the amount of money, revenue, compensation, and/or fees paid by New York Life Investment Management, LLC to Paul Cangelosi in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**
Please see the spreadsheet titled "Response to Interrogatory Nos. 2 & 3" produced in response to the discovery requests propounded on NYLIFE Securities, LLC.

Plaintiff argues that the response is incomplete "because the information requested is not on the spreadsheet" produced because the spreadsheet "does not identify the payor." (R. Doc. 23-1 at 8).  NYLIM responds that the spreadsheet does, in fact, contain the information requested. (R. Doc. 48 at 6).

As no specific objection was raised regarding this interrogatory, and there is a dispute between the parties regarding whether the information sought is ascertainable from the spreadsheet produced, the Court will require NYLIM to simply answer the interrogatory by providing the total "amount of money, revenue, compensation and/or fees" as requested for each year from 2004 to the present.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 3.  A supplemental response must be provided within 14 days of the date of this Order.

### 4. Interrogatory No. 4

**INTERROGATORY NO. 4:**
Who determined the amount of money, fees, revenue or compensation to be paid to Paul Cangelosi in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan?

**RESPONSE TO INTERROGATORY NO. 4:**
Mr. Cangelosi's compensation was not tied to securities that were purchased. He was paid a finder's fee when he brought the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan to the Defendant. Thereafter, Mr. Cangelosi was paid trail compensation based on total plan assets, not securities.

Plaintiff argues that the response is incomplete "because it does not provide 'who determined' Mr. Cangelosi's compensation nor the amount of compensation that was paid to him." (R. Doc. 23-1 at 8).  In response, NYLIM argues that the interrogatory is overly broad and seeks irrelevant information. (R. Doc. 48 at 6-7).

NYLIM's instant objections to the specific interrogatory at issue were not raised at the time of responding to the interrogatory, and are therefore waived.  *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Furthermore, the Court concludes that the interrogatory is not overly broad and seeks information relevant to Plaintiff's claim that he had a compensation agreement with one of the New York Life entities.  NYLIM must supplement its response to identify the person or persons who determined Plaintiff's compensation in connection with the H&E retirement plan at issue.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 4.  A supplemental response must be provided within 14 days of the date of this Order.

### 5. Interrogatory No. 5

**INTERROGATORY NO. 5:**
How was the amount of money, revenue, fee and/or compensation paid to Paul
Cangelosi in connection with the H&E Equipment Services, Inc. 401(k) Profit
Sharing Plan determined?

**RESPONSE TO INTERROGATORY NO. 5:**
Defendant objects to this discovery as improper on the grounds and to the extent it
seeks documents or information that is neither relevant to the claims or defenses
of any party, nor reasonably calculated to lead to the discovery of admissible
evidence. Defendant also objects to this discovery as improper on the grounds and
to the extent that it seeks documents that contain confidential and proprietary
information, the disclosure of which may subject Defendant, to competitive
disadvantage.

Plaintiff argues that a response should be provided notwithstanding the objections, as
well as a privilege log if applicable. (R. Doc. 23-1 at 9).  In response, NYLIM argues that the
interrogatory is overly broad and seeks irrelevant information, adding that the "corporate
relationship between New York Life Investment Management Company, LLC and other entities
is not relevant to this proceeding." (R. Doc. 48 at 7).[1]

The Court concludes that the interrogatory is not overly broad and seeks information
relevant to Plaintiff's claim that he had a compensation agreement with one of the New York
Life entities.  NYLIM must supplement its response by providing an explanation of how
Plaintiff's compensation was determined in connection with the H&E retirement plan at issue.
To the extent NYLIM has concerns regarding confidential and proprietary information, it may
seek entry of a protective order governing confidential documents.  A privilege log is not
required as no privileges and/or immunities have been asserted.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 5.  A
supplemental response must be provided within 14 days of the date of this Order.

---

[1] NYLIM does not explain how this interrogatory seeks information regarding its corporate relationship
with other entities.

6.      **Interrogatory No. 6**

**INTERROGATORY NO. 6:**
Who paid money, fees, compensation and/or revenues to New York Life
Investment Management Company, LLC in connection with the H&E Equipment
Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004 to the
present?

**RESPONSE TO INTERROGATORY NO. 6:**
Defendant objects to this discovery as improper on the grounds and to the extent it
seeks documents or information that is neither relevant to the claims or defenses
of any party, nor reasonably calculated to lead to the discovery of admissible
evidence. Defendant also objects to this discovery as improper on the grounds and
to the extent that it seeks documents that contain confidential and proprietary
information, the disclosure of which may subject Defendant, to competitive
disadvantage.

Plaintiff argues that a response should be provided notwithstanding the objections, as
well as a privilege log if applicable, as it seeks relevant information. (R. Doc. 23-1 at 9-10).  In
response, NYLIM argues that the interrogatory is overly broad and seeks irrelevant information,
adding that the "identity of who paid money to New York Life Management Company, LLC is
not relevant to this proceeding." (R. Doc. 48 at 8).

The Court concludes that the information sought in this interrogatory is relevant to
Plaintiff's claim.  Plaintiff is seeking recovery of his compensation related to the H&E retirement
plan.  This interrogatory, which requests the identity of the persons and/or entities who paid
compensation related to that plan, seeks relevant information.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 6.  A
supplemental response must be provided 14 days of the date of this Order.

7.      **Interrogatory No. 7**

**INTERROGATORY NO. 7:**
How was the amount of money, fees, compensation, revenues, received, paid to or
derived by New York Life Investment Management [Company], LLC from the
H&E Equipment Services, Inc. 401(k) Profit Sharing Plan determined?

**RESPONSE TO INTERROGATORY NO. 7:**
Defendant objects to this discovery as improper on the grounds and to the extent it
seeks documents or information that is neither relevant to the claims or defenses
of any party, nor reasonably calculated to lead to the discovery of admissible
evidence. Defendant also objects to this discovery as improper on the grounds and
to the extent that it seeks documents that contain confidential and proprietary
information, the disclosure of which may subject Defendant, to competitive
disadvantage.

Plaintiff argues that a response should be provided notwithstanding the objections, as

well as a privilege log if applicable, as it seeks relevant information. (R. Doc. 23-1 at 10).  In

response, NYLIM argues that the interrogatory is overly broad and seeks irrelevant information,

adding that the "determination of how New York Life Investment Management Company, LLC

derived money from the H&E Plan is not relevant to this proceeding." (R. Doc. 48 at 9).

The Court concludes that the information sought in this interrogatory is relevant to

Plaintiff's claim.  Plaintiff is seeking recovery of his compensation related to the H&E retirement

plan.  This interrogatory, which requests an explanation of how compensation related to that plan

was determined, seeks relevant information.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 7.  A

supplemental response must be provided within 14 days of the date of this Order.

### 8.      Interrogatory No. 8

**INTERROGATORY NO. 8:**
Who determined the amount of money, fees, compensation or revenue was to be
paid, received, paid to or derived by New York Life Investment Management
Company, LLC from the H&E Equipment Services, Inc. 401(k) Profit Sharing
Plan?

**RESPONSE TO INTERROGATORY NO. 8:**
Defendant objects to this discovery as improper on the grounds and to the extent it
seeks documents or information that is neither relevant to the claims or defenses
of any party, nor reasonably calculated to lead to the discovery of admissible
evidence.

Plaintiff argues that a response should be provided notwithstanding the objections, as well as a privilege log if applicable, as it seeks relevant information. (R. Doc. 23-1 at 11).  In response, NYLIM argues that the interrogatory is overly broad and seeks irrelevant information, adding that the "corporate relationship between New York Life Investment Management Company, LLC and other entities is not relevant to this proceeding." (R. Doc. 48 at 9-10).

The Court concludes that the information sought in this interrogatory is relevant to Plaintiff's claim.  Plaintiff is seeking recovery of his compensation related to the H&E retirement plan.  This interrogatory, which requests the identity of the persons and/or entities who determined compensation related to that plan, seeks relevant information.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 8. A supplemental response must be provided within 14 days of the date of this Order.

### 9.    Interrogatory No. 9

**INTERROGATORY NO. 9:**
Please identify by name, address and job title of any and all persons employed by and/or who acted as a representative of New York Life Investment Management Company, LLC in providing any service to H&E Equipment Services, Inc. in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan, and describe in detail the service provided by each such person.

**RESPONSE TO INTERROGATORY NO. 9:**
Defendant objects to this discovery as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope.

Plaintiff argues that a response should be provided notwithstanding the objections, as it seeks relevant information as it may lead to the identity of potential witnesses and the apportionment of fees and compensation among those persons in connection with the H&E retirement plan. (R. Doc. 23-1 at 11).  In response, NYLIM argues that the interrogatory is

overly broad and vague as it uses the term "any service" rather than limit the request to relevant employees.  (R. Doc. 48 at 10).

The Court agrees that the term "any service" is both vague and overly broad. Accordingly, the Court will limit the request to NYLIM employees and/or representatives who specifically derived compensation from the H&E retirement plan and/or have knowledge regarding Plaintiff's compensation derived from the H&E retirement plan.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 9.  A supplemental response must be provided within 14 days of the date of this Order.

### 10.    Interrogatory No. 10

**INTERROGATORY NO. 10:**
Describe the business, contractual and/or corporate relationship between New York Life Investment Management Company, LLC and each of the following:
(a) New York Life Insurance Company, LLC;
(b) NYLIFE Securities, LLC;
(c) Peter M. Kirkfield;
(d) John Hancock Financial; and
(e) John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 10:**
Defendant objects to this discovery as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope.

Plaintiff argues that the responses provided are "illegitimate and baseless boilerplate objections" and that it is essential for him to discover the relationship of the defendants in this action. (R. Doc. 23-1 at 12).  NYLIM argues that the request is overly broad and the "corporate relationship between New York Life Investment Management Company, LLC and other entities is not relevant to this proceeding." (R. Doc. 48 at 11).

The instant interrogatory seeks information relevant to Plaintiff's claims for damages and the determination of which, if any, of the defendants is liable for damages.  The interrogatory is not overly broad as stated.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 10.  A supplemental response must be provided within 14 days of the date of this Order.

### 11.   Interrogatory No. 11

**INTERROGATORY NO. 11:**
Please state whether any emails, correspondence, notes, memoranda, text messages, and/or any other writing or recording of any kind or nature relating to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan have been deleted or destroyed since the inception of the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan, and if so, describe each and every such email, correspondence, notes, memoranda, text messages, or other writing or recording.

**RESPONSE TO INTERROGATORY NO. 11:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope.

Plaintiff argues that the interrogatory asks whether relevant documents have been destroyed, which is relevant to a potential claim of spoliation. (R. Doc. 23-1 at 12-13).  In response, NYLIM argues that the interrogatory is overly broad and not proportional to the needs of this case because it seeks descriptions of specific deleted or destroyed corresponded "relating to" the H&E retirement plan. (R. Doc. 48 at 11-12).

Plaintiff has not raised a spoliation claim in this proceeding, and has provided no foundation for asserting such a claim based upon insufficient productions of documents.  As stated, the interrogatory is overly broad and, in the absence of any evidence supporting spoliation of evidence, disproportional to the needs of this case.[2]

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 11.

---

[2] To the extent Plaintiff has concerns about the preservation of records, the court will allow limited discovery regarding any document retention policies of the custodian(s) of relevant documents.

### 12.     Interrogatory No. 12

**INTERROGATORY NO. 12:**
Please give the name and address of each and every person employed by or who acted as a representative of New York Life Investment Management, LLC who you believe to have knowledge about the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan from 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 12:**
Defendant objects to this discovery on the grounds and to the extent it is overly broad and calls for speculation.

Plaintiff argues that the interrogatory posits "a standard question asked in virtually every case" and that the objection is frivolous. (R. Doc. 23-1 at 13-14).  In response, NYLIM argues that the request is overly broad because it is not limited to "those employees and representatives that have knowledge regarding the receipt of compensation by Cangelosi," and otherwise calls for speculation. (R. Doc. 48 at 12).

The Court agrees that the interrogatory is overly broad as stated.  Accordingly, the Court will limit the request to NYLIM employees and/or representatives with knowledge regarding Plaintiff's compensation derived from the H&E retirement plan.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 12.  A supplemental response must be provided within 14 days of the date of this Order.

### 13.     Interrogatory No. 13

**INTERROGATORY NO. 13:**
Please give your understanding of any and all agreements and/or contracts between New York Life Investment Management Company, LLC and Paul Cangelosi with respect to the H&E Equipment Services, Inc. 401(k) Profit Sharing [Plan].

**RESPONSE TO INTERROGATORY NO. 13:**
Defendant objects to this discovery on the grounds and to the extent it overly broad and calls for speculation. Subject to and without waiving said objection,

Defendant states that the contracts and agreements are the best evidence of the contents of those contracts and agreements.

Plaintiff argues that the objection is a "clear effort to frustrate discovery" and that NYLIM should have at least produced any written contract that exists. (R. Doc. 23-1 at 14).  In response, NYLIM represents that it has "produced copies of all of its agreements with Cangelosi." (R. Doc. 48 at 13).

The Court finds that an interrogatory is an inappropriate discovery device for obtaining agreements and/or contracts between Plaintiff and a defendant, as well as an inappropriate discovery device for obtaining a defendant's understanding of such agreements and/or contracts. Furthermore, NYLIM represents it has produced all of its agreements with Plaintiff.  Plaintiff may seek additional information through other discovery devices such as requests for production and a Rule 30(b)(6) deposition.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 13.

### 14.   Interrogatory No. 14

**INTERROGATORY NO. 14:**
Please give your understanding of any and all agreements and/or contracts between any and all of the following entities and Paul Cangelosi with respect to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan:
(a) New York Life Insurance Company;
(b) NYLIFE Securities, LLC;
(c) Peter M. Kirkfield;
(d) John Hancock Financial; and
(e) John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 14:**
Defendant objects to this discovery on the grounds and to the extent it is overly broad and calls for speculation. Subject to and without waiving said objection, Defendant states that the contracts and agreements are the best evidence of the contents of those contracts and agreements.

Plaintiff again argues that NYLIM should have responded by producing written contracts. (R. Doc. 23-1 at 15).  In response, NYLIM represents that it has "produced copies of all of its agreements with Cangelosi." (R. Doc. 48 at 14).

The Court finds that an interrogatory is an inappropriate discovery device for obtaining agreements and/or contracts between Plaintiff and the defendants, as well as an inappropriate discovery device for obtaining a defendant's understanding of such agreements and/or contracts. Furthermore, NYLIM represents it has produced all of its agreements with Plaintiff.  Plaintiff may seek additional information through other discovery devices such as requests for production and a Rule 30(b)(6) deposition.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 14.

### 15.    Interrogatory No. 15

**INTERROGATORY NO. 15:**
Please state in detail how the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan was valued in the sale of the retirement plans, accounts and/or the business of New York Life Investment Management, LLC to John Hancock Financial and/or John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 15:**
Defendant objects to this discovery as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff again argues that this interrogatory is relevant to the issue of recoverable damages. (R. Doc. 23-1 at 15).  In response, NYLIM argues that the information sought is irrelevant and confidential. (R. Doc. 48 at 14-15).

The Court concludes that this interrogatory seeks information relevant to Plaintiff's allegations that he is entitled to a percentage of the value received by NYLIM regarding the sale of the H&E retirement plan.  Plaintiff specifically alleges that the NYLIM's breach "resulted in

the loss of compensation otherwise due Cangelosi for a percentage of revenues" derived by NYLIM and/or New York Life from the H&E retirement plan. (Am. Compl. ¶ 51).  Furthermore, Plaintiff alleges that he has "sustained a direct loss of $80,000.00 per year in compensation expressed as a percentage of total revenue to NYLIM in connection with the H&E retirement plan and will continue to suffer a loss no less than $80,000.00 for as long as NYLIM or its successor administer the H&E employee retirement plan." (Am. Compl. ¶ 52).  The value of the H&E retirement plan at the time of sale is relevant to determining the amount of recoverable damages, if any, sustained by Plaintiff after the sale of the retirement plan.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 15.  A supplemental response must be provided within 14 days of the date of this Order.

### 16.    Request for Production No. 2

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Please provide a copy of any and all payment agreement(s) or fee schedule(s) in effect between 2004 to the present in any way pertaining to money, fees, compensation or revenue to be paid to Paul Cangelosi in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Please see Exhibits 1-21 produced in response to the discovery requests propounded on NYLIFE Securities, LLC.

Plaintiff argues that the 2,000 pages of documents produced "buries the response in voluminous and indiscriminate document production." (R. Doc. 23-1 at 16).  In response, NYLIM represents that the "response is complete and correct." (R. Doc. 48 at 15).

Plaintiff provides no specifics regarding why the production is deficient.  The Court notes that Request for Production No. 2 covers a 12-year time frame and seeks "any and all" documents "in any way" pertaining to money, fees, compensation or revenue.  Plaintiff

acknowledges that the response he seeks is contained in the production.  He does not point to the production of any specific non-responsive information.

Based on the foregoing, the Motion is denied with regard to Request for Production No. 2.

### 17.   Request for Production No. 4

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**
Please provide a copy of any payment agreement(s) or fee schedules(s) in effect between 2004 to the present in any way pertaining to money, fees, compensation or revenue to be paid to Paul Cangelosi in connection with the sale of securities for or on behalf of the H&E Equipment Services, Inc. 40l(k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**
Please see Exhibits 1-9 produced in response to the discovery requests propounded on NYLIFE Securities, LLC.

The language of this request for production, and the response by NYLIM, is subsumed by that of Request for Production No. 2.  Furthermore, in his memorandum, Plaintiff appears to incorrectly discuss a request for production sent to NYLIFE Securities, as opposed to the foregoing request to response regarding NYLIM. (R. Doc. 23-1 at 16-17).

Based on the foregoing, the Motion is denied with regard to Request for Production No. 4.

### 18.   Request for Production No. 5

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**
Please provide a copy of any and all emails, correspondence, notes, memoranda, and/or writing or recording of any kind or nature, sent or received by or on behalf of New York Life Investment Management, LLC in any way pertaining to the H&E Equipment Service's Inc. 401(k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**
Defendant objects to this discovery on the grounds and to the extent it is overly burdensome and not reasonably limited in scope.  Subject to and without waiving said objection, please see Exhibits 1-21 produced in response to the discovery requests propounded on NYLIFE Securities, LLC.

Plaintiff argues that NYLIM has hid its response to this request in the referenced productions. (R. Doc. 23-1 at 17).  In response, NYLIM stands by its objections, further representing that it has located over 36,000 e-mails that are responsive to the request as written. (R. Doc. 48 at 16).  NYLIM further represents that its counsel contacted Plaintiff's counsel "to conference about the large production and confer to possibly target the search terms to obtain a smaller number of e-mails" but Plaintiff's counsel declined to confer on the issue and in fact requested additional search terms. (R. Doc. 48 at 16).

Neither party has indicated to the Court what search terms were used to locate relevant e-mails.  The parties have not provided the Court with details on how searches have been conducted and how it was determined that certain documents were responsive to this request.  As stated, the Court finds the request for production to be overly broad as it is not limited to documents in the possession, custody, or control of NYLIM that concern both Plaintiff and the H&E retirement plan.  Accordingly, the Court will limit the request to documents in the possession, custody, and control of NYLIM pertaining both to Paul Cangelosi and the H&E Equipment Services, Inc. Profit Sharing Plan.  Plaintiff has also failed to demonstrate why a request that results in 36,000 e-mails is appropriate and why he was unwilling to confer to reduce the request.  Without more information, and due to an apparent lack of cooperation between the parties, the Court cannot determine what further limitations are appropriate.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 5.  The parties are to meet-and-confer to discuss the collection and production of e-mails and other documents responsive to this request for production and consistent with the proportionality considerations of Rule 26 within 14 days of the date of this Order.

19.     **Request for Production No. 6**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
Please provide a copy of any and all emails, correspondence, notes, memoranda, text messages, and/or writings or recordings of any kind or nature pertaining to Paul Cangelosi.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
Defendant objects to this discovery on the grounds and to the extent it is overly burdensome and not reasonably limited in scope.  Subject to and without waiving said objection, please see Exhibits 1-21 produced in response to the discovery requests propounded on NYLIFE Securities, LLC.

The Court finds the instant request for documents to be overly broad.  To the degree this request for production can be narrowed, it is completely subsumed by Request for Production No. 5 as limited by the Court above.

Based on the foregoing, the Motion is denied with regard to Request for Production No. 6.

20.     **Request for Production No. 7**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
Please produce a copy of any and all emails, correspondence, notes, memoranda, text messages, and written or recorded communications with H&E Equipment Services, Inc. or any agent or representative thereof, from 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
Please see Response to Request for Production No. 6.

The Court finds the instant request for documents to be overly broad.  To the degree this request for production can be narrowed, it is completely subsumed by Request for Production No. 5 as limited by the Court above.

Based on the foregoing, the Motion is denied with regard to Request for Production No. 7.

21.     **Request for Production No. 8**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
Please provide a copy of any and all written contracts and/or agreements of any kind or nature between New York Life Investment Management, LLC and each of the following:
(a) New York Life Insurance Company;
(b) NYLIFE Securities, LLC;
(c) Peter M. Kirkfield;
(d) John Hancock Financial; and
(e) John Hancock Retirement Plan Services, LLC,
in any way related to the H&E Equipment Services, Inc. 401(k) Profit Sharing.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
Defendant objects to this discovery as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this discovery as improper on the grounds and to the extent that it seeks documents that contain confidential and proprietary information, the disclosure of which may subject Defendant, to competitive disadvantage.

Plaintiff argues he seeks relevant information, and Plaintiff argues he seeks relevant information, and NYLIM should be ordered to produce documents as well as a privilege log if applicable. (R. Doc. 23-1 at 19).  In response, NYLIM argues that the request for production seeks "documents or information that is neither relevant to the claims or defendants of any party, not reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 48 at 17). NYLIM otherwise argues that the documents sought contain confidential and proprietary information.

The Court finds the request to be overly broad as stated.  The Court will limit the request to any and all agreements and/or contracts between NYLIM and the listed entities to the extent they discuss the handling of compensation and/or distribution of revenue in any way related to the H&E retirement plan.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 8.  A supplemental response must be provided within 14 days of the date of this Order.

### 22.    Request for Production No. 9

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**
Please provide a copy of the sale documents relating to the sale of New York Life Retirement Services and/or New York Life Investment Management, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**
Defendant objects to this discovery as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objections to this discovery as improper on the grounds and to the extent it seeks documents that contain confidential and proprietary information, the disclosure of which may subject Defendant, to competitive disadvantage.

Plaintiff argues he seeks relevant information, and NYLIM should be ordered to produce documents as well as a privilege log if applicable. (R. Doc. 23-1 at 19).  In response, NYLIM that the request for production seeks "documents or information that is neither relevant to the claims or defendants of any party, not reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 48 at 18).  NYLIM otherwise argues that the documents sought contain confidential and proprietary information.

The Court finds the request to be overly broad as stated.  NYLIM need only produce the requested sale documents to the extent they contain any agreements regarding the valuation of the H&E retirement plan as a component to the sale or any decision concerning Plaintiff's compensation or continued involvement with the H&E retirement plan.  To the extent any sale documents to be produced contains confidential information, NYLIM may seek an appropriate protective order.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 9.  A supplemental response must be provided within 14 days of the date of this Order.

## III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 23) is **GRANTED IN PART and DENIED IN PART** consistent with the terms of this Order.  The parties shall bear their own costs. Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention.  Should the parties be unable to resolve the dispute, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

The parties shall also confer as to whether any protective order shall be issued to protect the dissemination of any proprietary or confidential information to be provided in this matter and consistent with this Order.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**