UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL M. CANGELOSI                                    CIVIL ACTION

VERSUS                                               NO. 15-325-SDD-RLB

NEW YORK LIFE INSURANCE
COMPANY, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production of Documents Against Peter M. Kirkfield (R. Doc. 25).  The Motion is opposed. (R. Doc. 49).  Plaintiff has filed a Reply. (R. Doc. 52).

## I.    Background

On May 21, 2015, Paul M. Cangelosi ("Plaintiff") initiated this diversity action naming as defendants New York Life Insurance Company ("New York Life"); New York Life Investment Management, LLC ("NYLIM"); NYLIFE Securities, LLC ("NYLIFE"); Peter M. Kirkfield; John Hancock Financial; and John Hancock Retirement Plan Services, LLC (collectively, "Defendants"). (R. Doc. 1).

Plaintiff asserts that he was hired as an agent for defendant New York Life Insurance Company in 2003, and formerly worked for Head and Enquist, now H&E Equipment Services, Inc. ("H&E"). (R. Doc. 21, "Am. Compl." ¶¶ 14, 17).  Plaintiff alleges that after he was hired by New York Life, he obtained a securities license so that he could solicit clients and broker products for his employer and was encouraged by the company to do so.  (Am. Compl. ¶¶ 14-15).  Plaintiff alleges that he worked as a "team member" with his employer's subsidiary, defendant NYLIM, in recommending a retirement plan to his former employer H&E. (Am. Compl. ¶¶ 19-20).  H&E accepted the plan on or around December 15, 2004. (Am. Compl. ¶ 21).

Plaintiff claims that he received compensation for his involvement in the plan until May 21, 2014, when defendant Peter Kirkfield, Director-Relationship Manager for NYLIM-Retirement Plan Services, lowered the administrative costs for the plan by effectively eliminating Plaintiff's annual compensation of approximately $80,000. (Am. Compl. ¶¶ 24-31). Plaintiff further alleges that he is a "registered representative" with NYLIFE, he is entitled to compensation as a result of sales of registered products, and that NYLIM has continued to use his securities license without compensating him. (Am. Compl. ¶¶ 32-33).

Plaintiff alleges that on April of 2015, defendant John Hancock Financial acquired divisions of NYLIM, combined those divisions with another entity to form defendant John Hancock Retirement Plan Services, LLC, making either or both of the John Hancock entities successor to the liabilities of NYLIM. (Am. Compl. ¶ 34).

Plaintiff brings causes of action for breach of contract (Am. Compl. ¶¶ 36-44); tortious interference with contract and business relations (Am. Compl. ¶¶ 45-48); and breach of fiduciary duty (Am. Compl. ¶¶ 49-51). He seeks recovery of lost compensation and other damages. (Am. Compl. ¶¶ 52-53).

On October 14, 2015, Plaintiff served Interrogatories and Requests for Production of Documents on Mr. Kirkfield. (R. Doc. 25-2).

On January 8, 2016, after receiving certain extensions from Plaintiff, Mr. Kirkfield provided its responses to the discovery requests. (R. Docs. 25-3).

On February 23, 2016, Plaintiff a letter to Mr. Kirkfield indicating the perceived deficiencies with the responses. (R. Docs. 25-4). Having never received any supplemental discovery responses despite correspondence between the parties from March 16, 2016 and March

31, 2016, Plaintiff's counsel deemed any further communication regard the discovery disputes to be futile. (R. Docs. 25-7).

On April 6, 2016, Plaintiff filed the instant motions to compel requesting the Court to order supplemental responses to Interrogatory Nos. 1-8, 10-11 and Requests for Production Nos. 1-2. (R. Doc. 25).

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the

3

burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

B. The Rule 37(a)(1) Conference

As a preliminary issue, the Court will address Mr. Kirkfield's argument that Plaintiff failed to engage in good faith efforts to resolve the instant discovery disputes prior to filing his motion. (R. Doc. 49 at 3).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention). The Rule 37 conference is an effort to

avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.

Plaintiff's counsel submitted a certification that she made a "good faith attempt to confer with counsel" for Mr. Kirkfield to resolve the instant discovery disputes prior to filing the instant motion to compel. (R. Doc. 25-7).  In support of this certification, Plaintiff submits a demand letter dated February 23, 2016, seeking withdrawal of general objections and supplemental responses to the discovery requests at issue in this motion.  (R. Doc. 25-4).  In addition, Plaintiff provides 15 exhibits consisting of communications between March 16, 2016 and March 31, 2016, which primarily discuss extensions of discovery deadlines and discovery of electronically stored information. (R. Doc. 25-8 to R. Doc. 25-22).

While Plaintiff's counsel could have made better efforts at discussing resolution of the instant discovery issues with defense counsel, the Court will move on to the merits of the instant motion and will consider each discovery request at issue in turn.  Counsel is advised that at the end of this Order is a list of specific information that must be included in any Rule 37 certificate filed in the remainder of this action.

### C. Individual Discovery Requests

#### 1. Interrogatory No. 1

**INTERROGATORY NO. 1:**
Please provide the full name and address of each and every person who provided information for answering these interrogatories, and identify by number the interrogatory(ies) for which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:**
Peter M. Kirkfield.

Plaintiff argues that the response is incomplete an address is not provided by Mr. Kirkfield. (R. Doc. 24-1 at 8). In response, Mr. Kirkfield provides his address and represents that he provided all of the information used to answer the interrogatories. (R. Doc. 49 at 5).

Based on the foregoing, the Motion is denied as moot regarding Interrogatory No. 1.

### 2. Interrogatory No. 2

**INTERROGATORY NO. 2:**
Please disclose the amount of money, revenue, compensation and/or fees that you received or derived from the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**
Peter Kirkfield does not receive compensation or fees in relation to any specific plan or service agreement. Mr. Kirkfield was paid $6,380.18 on 8/27/15 for the successful retention of the Plan via an RFP that concluded on 6/23/15 as part of an incentive compensation program.

Plaintiff argues that the response is "neither complete nor sufficiently clear," specifically noting that it "is unclear what is meant by 'RFP that concluded.'" (R. Doc. 25-1 at 8). Mr. Kirkfield states that the response is complete and correct, further providing that the referenced amount was a one-time payment. (R. Doc. 49 at 5).[1]

The Court finds Mr. Kirkfield's answer to be sufficiently clear and responsive.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 2.

### 3. Interrogatory No. 3

**INTERROGATORY NO. 3:**
Did you have a written contract with any entity(ies) or individual(s) in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan from 2004 to the present, and if so, provide the name of the entity(ies) or individual(s) with whom you held a contract and give your understanding of the essential terms of any and all such contract(s). [You may produce a copy of any and all such contracts in lieu of answering this interrogatory].

**RESPONSE TO INTERROGATORY NO. 3:**
No.

---

[1] Mr. Kirkfield indicated in his opposition that RFP stands for "Request for Proposals." (R. Doc. 49 at 6).

Plaintiff argues that the response is clearly incomplete in light of the responses to Interrogatory Nos. 2 and 4. Mr. Kirkfield verifies in his response that he "does not have any written contracts with the entities or individuals in connection with the H&E Plan" and provides that he is "an employee of John Hancock Life Insurance USA." (R. Doc. 49 at 6).

The Court finds Mr. Kirkfield's answer to be sufficiently clear and responsive.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 3.

### 4. Interrogatory No. 4

**INTERROGATORY NO. 4:**
Please describe in detail the services that you provided to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 4:**
From March 2009 to April 2015, Mr. Kirkfield supported the H&E Plan as Relationship Manager for New York Life Retirement Plan Services, overseeing and coordinating the services provided by New York Life. From April 2015 to current date, Mr. Kirkfield provides the same support to the H&E Plan in the John Hancock Retirement Plan Services business unit.

Plaintiff argues that Mr. Kirkfield's answer to this interrogatory is inconsistent with the response to Interrogatory No. 5 submitted to John Hancock Retirement Plan Services, LLC, which (according to Plaintiff) provides that it has no relationship with Mr. Kirkfield. In further response, Mr. Kirkfield represents that the "answer provided is complete and correct." (R. Doc. 49 at 6).

The Court finds that, for the purposes of this interrogatory, Mr. Kirkfield's answer is responsive. However, the response does not identify the entity to which he refers to as "John Hancock Retirement Plan Services business unit." In light of his response to Interrogatory No. 10, Plaintiff shall supplement his response to Interrogatory No. 4 and specifically identify the entity with which he provides support and identifies as "John Hancock Retirement Plan

7

Services." Plaintiff may explore any other perceived inconsistencies in the co-defendant's written discovery responses in more detail through other discovery devices.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 4. A supplemental response must be provided within 14 days of the date of this order.

### 5. Interrogatory No. 5

**INTERROGATORY NO. 5:**
How was the amount of money, revenue, fee and/or compensation paid to you between 2004 to the present in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan determined, and by whom was it determined?

**RESPONSE TO INTERROGATORY NO. 5:**
See the response to Interrogatory No. 2.

Plaintiff argues that the answer provided is incomplete because it "strains credulity to believe that Mr. Kirkfield served as Relationship Manager for the Plan from 2009 to 2015 without pay." (R. Doc. 25-1 at 10). Mr. Kirkfield responses that he "does not receive compensation or fees in relation to any specific plan or service agreement" and his one-time payment of $6,380.10 for the successful retention of the Plan via a Request for Proposals was made "as part of an incentive compensation program." (R. Doc. 49 at 6).

The Court finds that, for the purposes of this interrogatory, Mr. Kirkfield's answer is sufficiently detailed and responsive. The interrogatory does not ask Mr. Kirkfield to identify his general compensation as an employee of John Hancock Life Insurance USA. Plaintiff may explore the time spent by Mr. Kirkfield on the Plan as part of his employee responsibilities in more detail through depositions.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 5.

### 6. Interrogatory No. 6

**INTERROGATORY NO. 6:**
Please identify by the name and address any and all persons known to you who you believe to have knowledge about the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan between 2004 and the present.

**RESPONSE TO INTERROGATORY NO. 6:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad, unduly burdensome, and not reasonably limited in scope.

Plaintiff argues that Interrogatory No. 6 "is a standard interrogatory question as to who has knowledge about the matters giving rise to the suit" and that the objection is frivolous. (R. Doc. 25-1 at 11). In response, Mr. Kirkfield argues that the request is overly broad and otherwise calls for speculation. (R. Doc. 49 at 7).

Notwithstanding the insufficiency of Mr. Kirkfield's boilerplate objections, the Court agrees that the interrogatory is overly broad as stated. Accordingly, the Court will limit the request to Mr. Kirkfield's co-employees and/or associates with knowledge regarding Plaintiff's compensation derived from the H&E retirement plan. The Court also recognizes that any supplemental response is subject to Mr. Kirkfield's competency to answer this Interrogatory.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 6. A supplemental response must be provided within 14 days of the date of this Order.

### 7. Interrogatory No. 7

**INTERROGATORY NO. 7:**
Please give a detailed description of your actions and/or communications relating to the termination of Paul Cangelosi's role in the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan giving the date, place and time of each such act and/or communication.

**RESPONSE TO INTERROGATORY NO. 7:**
Phone conversation with Michael Faherty, VP Relationship Manager, Regions Institutional Trust, on or shortly before 6/9/14 during which Mr. Faherty

communicated to Mr. Kirkfield the H&E Plan Sponsor's decision to remove Plaintiff as advisor for the H&E Plan and during which time Mr. Faherty requested that H&E be sent the necessary paperwork to effect the removal; E-mail to Melissa Samuel & Michael Faherty on 6/9/14 with the Advisor Change Form for NYL Retirement Plans; Email from Melissa Samuel on 6/10/14 with the executed Advisor Change Form for New York Life Retirement Plans removing Plaintiff as advisor for the Plan effective 6/30/14; and E-mail to Plaintiff on 6/23/14 communicating receipt of the client's direction to remove Plaintiff as advisor for the H&E Plan effective 6/30/14.

Plaintiff argues that the response is incomplete and that he is aware of e-mail correspondence that is responsive to this interrogatory dated as early as May of 2014. (R. Doc. 25-1 at 11-10).  Plaintiff has not demonstrated that these referenced emails concerned Mr. Kirkfield or would otherwise be known to him.  In response, Mr. Kirkfield states that the response he provided "is complete and correct to the best of his knowledge and belief. (R. Doc. 49 at 9).

In light of Mr. Kirkfield's representation, the Court concludes that the interrogatory has been fully answered.

Based on the foregoing, the Motion is denied regard to Interrogatory No. 7.

### 8. Interrogatory No. 8

**INTERROGATORY NO. 8:**
Did you have any communications with anyone regarding Paul Cangelosi's role in the H&E Equipment Services, Inc. 401 (k) Profit Sharing Plan, and if so, provide the name and address of each and every person with whom you had communications, and describe the date and the form of each such communication, *i.e.*, meeting, telephone call or conference, email, letter, text message, memorandum, etc.?

**RESPONSE TO INTERROGATORY NO. 8:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad, unduly burdensome, and not reasonably limited in scope.

Plaintiff argues that communications regarding his "position with the retirement plan and the New York Life defendants is the central issue in this case" and an answer must be provided.

10

(R. Doc. 25-1 at 12). Mr. Kirkfield argues that the interrogatory seeks information that is "neither relevant nor proportional to the needs of the case." (R. Doc. 49 at 8).

The Court concludes that the information sought in this interrogatory is relevant to Plaintiff's claim. Plaintiff is seeking recovery of his compensation related to the H&E retirement plan. This interrogatory, which requests the identity of the persons and/or entities with whom Mr. Kirkfield corresponded regarding Plaintiff's role with the H&E Plan, seeks relevant information. To the extent it requests Mr. Kirkfield to date and list all relevant communications he had with these persons and/or entities, he shall provide such information to the extent he is able.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 8. A supplemental response must be provided within 14 days of the date of this Order.

### 9. Interrogatory No. 10

**INTERROGATORY NO. 10:**
Describe the business and/or corporate relationship, either presently or in the past, between you and each of the following:
(a) New York Life Insurance Company;
(b) NYLIFE Securities, LLC;
(c) John Hancock Financial;
(d) New York Life Investment Management, LLC; and
(e) John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 10:**
(a) None.
(b) None.
(c) None.
(d) New York Life Investment Management, LLC employee from March 31, 2008 to April 13, 2015.
(e) None.

Plaintiff argues that Mr. Kirkfield's answer to this interrogatory is inconsistent with his response to Interrogatory Nos. 2 and 4.  In response, Mr. Kirkfield represents that his answer is correct and "is not in conflict with any of his other responses." (R. Doc. 49 at 9).

Mr. Kirkfield has identified that he provides support in the "John Hancock Retirement Plan Services business unit." (R. Doc. 49 at 6).  Furthermore, the Interrogatory responses provided by John Hancock Retirement Plan Services, LLC were based on information provided by Mr. Kirkfield. (R. Doc. 45 at 5).  Mr. Kirkfield has also received $6,380.18 from John Hancock Retirement Plan Services, LLC on August 27, 2015. (R. Doc. 45 at 6).

The Court finds that, for the purposes of this interrogatory, Mr. Kirkfield's answer is insufficient.  Mr. Kirkfield shall explain any interaction he has had with John Hancock Retirement Services, LLC up to the date of this Order.  Plaintiff may also explore any perceived inconsistencies in the co-defendant's written discovery responses in more detail through depositions.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 10.  A supplemental response must be provided within 14 days of the date of this Order.

    **10.**    **Interrogatory No. 11**

**INTERROGATORY NO. 11:**
Please state whether any emails, correspondence, notes, memoranda, text messages, and/or any other writing or recording of any kind or nature relating to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan have been deleted or destroyed since the inception of the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan, and if so, describe each and every such email, correspondence, notes, memoranda, text messages, or other writing or recording.

**RESPONSE TO INTERROGATORY NO. 11:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope.

Plaintiff argues that the interrogatory asks whether relevant documents have been destroyed, which is relevant to a potential claim of spoliation. (R. Doc. 25-1 at 14). In response, NYLIM argues that the interrogatory is overly broad and not proportional to the needs of this case because it seeks descriptions of specific deleted or destroyed corresponded "relating to" the H&E retirement plan. (R. Doc. 49 at 11-12).

Plaintiff has not raised a spoliation claim in this proceeding, and has provided no foundation for asserting such a claim based upon insufficient productions of documents. As stated, the interrogatory is overly broad and, in the absence of any evidence supporting spoliation of evidence, disproportional to the needs of this case.[2]

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 11.

### 11. Request for Production No. 1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**
Please provide a copy of any and all emails, correspondence, notes, memoranda, and/or writing or recording of any kind or nature, whether sent or received by you or anyone acting on your behalf in any way pertaining to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad, unduly burdensome, and not reasonably limited in scope.

Plaintiff argues that the request is "proper, relevant and calculated to lead to relevant or discoverable documents and information." (R. Doc. 25-1 at 15). In response, Mr. Kirkfield stands by his objections. (R. Doc. 46 at 16).

As stated, the Court finds the request for production to be overly broad as it is not limited to documents in the possession, custody, or control of Mr. Kirkfield that concern both Plaintiff and the H&E retirement plan. Accordingly, the Court will limit the request to documents in the

---

[2] To the extent Plaintiff has concerns about the preservation of records, the court will allow limited discovery regarding any document retention policies of the custodian(s) of relevant documents.

possession, custody, and control of Mr. Kirkfield pertaining both to Paul Cangelosi and the H&E Equipment Services, Inc. Profit Sharing Plan.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 1. The parties are to meet-and-confer to discuss the collection and production of e-mails and other documents responsive to this request for production as limited by the Court within 14 days of the date of this Order.

    12.  Request for Production No. 2

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Please produce a copy of any and all emails, correspondence, notes, memoranda, text messages, and written or recorded communications with H&E Equipment Services, Inc. or any agent or representative thereof, from 2004 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and unduly burdensome.

The Court finds the instant request for documents to be overly broad. To the degree this request for production can be narrowed, it is completely subsumed by Request for Production No. 1 as limited by the Court above.

Based on the foregoing, the Motion is denied with regard to Request for Production No. 2.

**III. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 25) is **GRANTED IN PART and DENIED IN PART** consistent with the terms of this Order. The parties shall bear their own costs. Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention. Should the parties be unable to resolve the dispute, any Rule 37 certificate

14

shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

The parties shall also confer as to whether any protective order shall be issued to protect the dissemination of any proprietary or confidential information to be provided in this matter and consistent with this Order.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**