UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL M. CANGELOSI                        CIVIL ACTION

VERSUS                                     NO. 15-325-SDD-RLB

NEW YORK LIFE INSURANCE
COMPANY, ET AL.

## ORDER

Before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production of Documents Against John Hancock Financial (R. Doc. 26). The Motion is opposed. (R. Doc. 29). Plaintiff has filed a Reply. (R. Doc. 52).

**I.     Background**

On May 21, 2015, Paul M. Cangelosi ("Plaintiff") initiated this diversity action naming as defendants New York Life Insurance Company ("New York Life"); New York Life Investment Management, LLC ("NYLIM"); NYLIFE Securities, LLC ("NYLIFE"); Peter M. Kirkfield; John Hancock Financial; and John Hancock Retirement Plan Services, LLC (collectively, "Defendants"). (R. Doc. 1).

Plaintiff asserts that he was hired as an agent for defendant New York Life in 2003, and formerly worked for Head and Enquist, now H&E Equipment Services, Inc. ("H&E"). (R. Doc. 21, "Am. Compl." ¶¶ 14, 17). Plaintiff alleges that after he was hired by New York Life, he obtained a securities license so that he could solicit clients and broker products for his employer and was encouraged by the company to do so. (Am. Compl. ¶¶ 14-15). Plaintiff alleges that he worked as a "team member" with his employer's subsidiary, defendant NYLIM, in recommending a retirement plan to his former employer H&E. (Am. Compl. ¶¶ 19-20). H&E accepted the plan on or around December 15, 2004. (Am. Compl. ¶ 21).

Plaintiff claims that he received compensation for his involvement in the plan until May 21, 2014, when defendant Peter Kirkfield, Director-Relationship Manager for NYLIM-Retirement Plan Services, lowered the administrative costs for the plan by effectively eliminating Plaintiff's annual compensation of approximately $80,000. (Am. Compl. ¶¶ 24-31). Plaintiff further alleges that he is a "registered representative" with NYLIFE, he is entitled to compensation as a result of sales of registered products, and that NYLIM has continued to use his securities license without compensating him. (Am. Compl. ¶¶ 32-33).

Plaintiff alleges that on April of 2015, defendant John Hancock Financial acquired divisions of NYLIM, combined those divisions with another entity to form defendant John Hancock Retirement Plan Services, LLC, making either or both of the John Hancock entities successor to the liabilities of NYLIM. (Am. Compl. ¶ 34).

Plaintiff brings causes of action for breach of contract (Am. Compl. ¶¶ 36-44); tortious interference with contract and business relations (Am. Compl. ¶¶ 45-48); and breach of fiduciary duty (Am. Compl. ¶¶ 49-51). He seeks recovery of lost compensation and other damages. (Am. Compl. ¶¶ 52-53).

On October 14, 2015, Plaintiff served Interrogatories and Requests for Production of Documents on John Hancock Financial. (R. Doc. 26-2).

On January 8, 2016, after receiving certain extensions from Plaintiff, John Hancock Financial responded as follows: "There is no legal entity known as John Hancock Financial. As such, there is no legal entity to respond to the First Set of Interrogatories and Requests for Production of Documents Propounded by Paul M. Cangelosi." (R. Docs. 26-3).

On April 6, 2016, after other communications between his counsel and defense counsel, Plaintiff filed the instant motion to compel requesting the Court to order responses to the outstanding discovery requests. (R. Doc. 26).

**II.     Law and Analysis**

John Hancock Financial's sole argument for refusing to provide discovery responses is defense counsel's assertion that "there is no legal entity known as John Hancock Financial." (R. Doc. 29 at 1). John Hancock Financial asserts that it "will file an Amended Answer in these proceedings setting forth" that it is not a legal entity. (R. Doc. 29 at 1).

Defense counsel waived service of the summons on behalf of John Hancock Financial. (R. Doc. 5). Defense counsel submitted an Answer on behalf of "John Hancock Financial" in which that entity admitted "that it is a foreign entity and that its address is 601 Congress Street, Boston, MA 02210." (R. Doc. 10 at 2). That pleading was signed and submitted pursuant to Rule 11 of the Federal Rules of Civil Procedure.

As of the date of this Order, John Hancock Financial has not filed a pleading responsive to Plaintiff's original Complaint on July 21, 2015. (R. Doc. 10).

Despite its assertion that it is a non-entity, John Hancock Financial is represented by counsel who has filed an Answer on behalf of that alleged non-entity. Accordingly, the Court will require John Hancock Financial to participate in discovery "unless and until it is dismissed as a party" in this action. *See Equity Indus. A-Rockville LLC v. 7900 Rockville, LLC*, No. 09-0621, 2010 WL 1737915, at *2 (S.D. Ind. Apr. 27, 2010). To do otherwise would essentially dismiss a party in this matter in the context of a discovery dispute. The Court takes no position as to whether the entity actually exists, and notes that this type of issue is almost always resolved through communications between competent and professional counsel. The Court urges the

parties to make such an attempt here.  Further nonparticipation in discovery by the alleged non-entity John Hancock Financial may subject the entity that appeared in this action purporting to be John Hancock Financial to a default judgment.  *See* Fed. R. Civ. P. 37(b)(2)(A).

### III. Conclusion

In light of the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 26) is **GRANTED.**  John Hancock Financial and/or the entity appearing in this action as John Hancock Financial shall respond to Plaintiff's discovery requests within **14 days** of the date of this Order or risk any appropriate sanctions to the extent they are appropriate and/or enforceable.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**