## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PAUL M. CANGELOSI**                                       **CIVIL ACTION**

**VERSUS**                                                       **NO. 15-325-SDD-RLB**

**NEW YORK LIFE INSURANCE
COMPANY, ET AL.**

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Compel Answers to Interrogatories and Requests

for Production of Documents Against John Hancock Retirement Plan Services, LLC ("John

Hancock Retirement") (R. Doc. 27). The Motion is opposed. (R. Doc. 45). Plaintiff has filed a

Reply. (R. Doc. 52).

**I.        Background**

On May 21, 2015, Paul M. Cangelosi ("Plaintiff") initiated this diversity action naming

as defendants New York Life Insurance Company ("New York Life"); New York Life

Investment Management, LLC ("NYLIM"); NYLIFE Securities, LLC ("NYLIFE"); Peter M.

Kirkfield; John Hancock Financial; and John Hancock Retirement (collectively, "Defendants").

(R. Doc. 1).

Plaintiff asserts that he was hired as an agent for defendant New York Life Insurance

Company in 2003, and formerly worked for Head and Enquist, now H&E Equipment Services,

Inc. ("H&E"). (R. Doc. 21, "Am. Compl." ¶¶ 14, 17). Plaintiff alleges that after he was hired by

New York Life, he obtained a securities license so that he could solicit clients and broker

products for his employer and was encouraged by the company to do so. (Am. Compl. ¶¶ 14-

15). Plaintiff alleges that he worked as a "team member" with his employer's subsidiary,

defendant NYLIM, in recommending a retirement plan to his former employer H&E. (Am. Compl. ¶¶ 19-20).  H&E accepted the plan on or around December 15, 2004. (Am. Compl. ¶ 21).

Plaintiff claims that he received compensation for his involvement in the plan until May 21, 2014, when defendant Peter Kirkfield, Director-Relationship Manager for NYLIM-Retirement Plan Services, lowered the administrative costs for the plan by effectively eliminating Plaintiff's annual compensation of approximately $80,000. (Am. Compl. ¶¶ 24-31).  Plaintiff further alleges that he is a "registered representative" with NYLIFE, he is entitled to compensation as a result of sales of registered products, and that NYLIM has continued to use his securities license without compensating him. (Am. Compl. ¶¶ 32-33).

Plaintiff alleges that on April of 2015, defendant John Hancock Financial acquired divisions of NYLIM, combined those divisions with another entity to form defendant John Hancock Retirement Plan Services, LLC, making either or both of the John Hancock entities successor to the liabilities of NYLIM. (Am. Compl. ¶ 34).

Plaintiff brings causes of action for breach of contract (Am. Compl. ¶¶ 36-44); tortious interference with contract and business relations (Am. Compl. ¶¶ 45-48); and breach of fiduciary duty (Am. Compl. ¶¶ 49-51).  He seeks recovery of lost compensation and other damages. (Am. Compl. ¶¶ 52-53).

On October 14, 2015, Plaintiff served Interrogatories and Requests for Production of Documents on John Hancock Retirement. (R. Doc. 27-2).

On January 8, 2016, after receiving certain extensions from Plaintiff, John Hancock Retirement provided its responses to the discovery requests.  (R. Docs. 27-3).

On February 23, 2016, Plaintiff a letter to John Hancock Retirement indicating the perceived deficiencies with the responses. (R. Docs. 27-4).  Having never received any

supplemental discovery responses despite correspondence between the parties from March 16, 2016 and March 31, 2016, Plaintiff's counsel deemed any further communication regard the discovery disputes to be futile. (R. Docs. 27-7).

On April 6, 2016, Plaintiff filed the instant motion to compel requesting the Court to order supplemental responses to Interrogatory Nos. 1-9 and Requests for Production Nos. 1-8. (R. Doc. 27).

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37.  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B.    The Rule 37(a)(1) Conference

As a preliminary issue, the Court will address John Hancock Retirement's argument that Plaintiff failed to engage in good faith efforts to resolve the instant discovery disputes prior to filing his motion. (R. Doc. 45 at 3).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith

effort to resolve the dispute without court intervention). The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.

Plaintiff's counsel submitted a certification that she made a "good faith attempt to confer with counsel" for John Hancock Retirement to resolve the instant discovery disputes prior to filing the instant motion to compel. (R. Doc. 27-7). In support of this certification, Plaintiff submits a demand letter dated February 23, 2016, seeking withdrawal of general objections and supplemental responses to the discovery requests at issue in this motion. (R. Doc. 27-8). In addition, Plaintiff provides 14 exhibits consisting of communications between March 16, 2016 and March 31, 2016, which primarily discuss extensions of discovery deadlines and discovery of electronically stored information. (R. Doc. 27-9 to R. Doc. 27-22).

While Plaintiff's counsel could have made better efforts at discussing resolution of the instant discovery issues with defense counsel, the Court will move on to the merits of the instant motion and will consider each discovery request at issue in turn. Counsel is advised that at the end of this Order is a list of specific information that must be included in any Rule 37 certificate filed in the remainder of this action.

### C.      Individual Discovery Requests

#### 1.      Interrogatory No. 1

**INTERROGATORY NO. 1:**
Please provide the full name and address of each and every person who provided information for answering these interrogatories, and identify by number the interrogatory(ies) for which each such person provided information.

**RESPONSE TO INTERROGATORY NO. 1:**
John Hancock Retirement Plan Services, LLC.

Plaintiff argues that the response is incomplete because the individuals who provided the responses for John Hancock Retirement were not provided. (R. Doc. 27-1 at 7). In response, John Hancock Retirement provides that Ketty Saez and Mr. Kirkfield provided the responses used to answer all of the interrogatories, and also provides Ms. Saez's address. (R. Doc. 45 at 5).

Based on the foregoing, the Motion is denied as moot regarding Interrogatory No. 1.

### 2.     Interrogatory No. 2

**INTERROGATORY NO. 2:**
Please disclose the amount of money, revenue, compensation and/or fees that you received or derived from the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2004 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**
With respect to April 14, 2015 to current: .30 bps of plan assets. As of 4/1/15, New York Life implemented an annual revenue requirement of .24% on total Plan assets.

Plaintiff argues that the response is unsatisfactory because it does not identify the actual amount of money received. (R. Doc. 27-1 at 7). John Hancock Retirement states that the response is complete and correct, providing that the "amount of compensation received is a fluctuating amount derived from the formula that was included in its response" and that the "amount of the Plan asserts" was provided to Plaintiff. (R. Doc. 49 at 5).

The Court finds John Hancock Retirement's answer to be incomplete. Despite a fluctuating amount derived from a formula, the response does not indicate why that amount cannot be provided for prior years after the appropriate calculation was done. John Hancock Retirement shall provide the total "amount of money, revenue, compensation and/or fees" as requested for each year from 2004 to the present. If the total amount for a specific year remains fluctuating and incomplete, the response shall specifically state such for that given year.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 2.  A supplemental response must be provided within 14 days of the date of this Order.

### 3.      Interrogatory No. 3

**INTERROGATORY NO. 3:**
Please provide the amount of money, revenue, compensation and/or fees paid by John Hancock Retirement Plan Services, LLC to Peter Kirkfield in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan on an annual basis from 2014 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**
Peter Kirkfield does not receive compensation or fees in relation to any specific plan or service agreement. Mr. Kirkfield was paid $6,380.18 on 8/27/15 for the successful retention of the Plan via an RFP that concluded on 6/23/15 as part of an incentive compensation program.

Plaintiff argues that this response is internally inconsistent. (R. Doc. 27-1 at 8).  John Hancock Retirement states that the response is complete and correct, further providing that the referenced amount was a one-time payment to Mr. Kirkfield. (R. Doc. 45 at 6).

The Court finds John Hancock Retirement's answer to be sufficiently clear and responsive.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 3.

### 4.      Interrogatory No. 4

**INTERROGATORY NO. 4:**
Please identify by name, address and job title of any and all persons employed by and/or who acted as a representative of John Hancock Retirement Plan Services, LLC in providing any service to H&E Equipment Services, Inc. in connection with the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan since 2014, and describe in detail the service provided by each such person.

**RESPONSE TO INTERROGATORY NO. 4:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope. Subject to and without waiving said objection, Defendant states:

Plan Service Team members from 1/1/15 - 9/30/15: Peter Kirkfield (Relationship Manager), Genna Spear (ERISA Consultant), Jason Friday (Investment Consultant), Russ Kavanagh (Communications Consultant), and Ellen McManus (Client Service Manager).

Current Plan Service Team members: Peter Kirkfield (Relationship Manager), Rebecca Kaplan (ERISA Consultant), Jeff Fernandes (Investment Consultant), Russ Kavanagh (Communications Consultant), and Ellen McManus (Client Service Manager).

Plaintiff argues that John Hancock Retirement's objections are baseless and that the response is incomplete because it does not provide addresses of the identified individuals as requested and does not provide information for 2014. (R. Doc. 27-1 at 9).  In response, John Hancock Retirement stands by its objections and represents that the identified team members' share the address for John Hancock Retirement. (R. Doc. 45 at 6-7).

The Court finds that, for the purposes of this interrogatory, John Hancock Retirement's answer is sufficiently detailed and responsive with regard to time period of January 1, 2015 through September 30, 2015.  John Hancock's response is insufficient, however, to the extent that it has not identified "Plan Service Team Members" for any other time period beginning in January 1, 2014 as requested. John Hancock Retirement must identify any such individuals should they exist.  Furthermore, for any individuals identified in response to this interrogatory, John Hancock Retirement must provide the last known address of the individual if he or she is no longer employed with John Hancock Retirement.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 4.  A supplemental response must be provided within 14 days of the date of this Order.

### 5.    Interrogatory No. 5

**INTERROGATORY NO. 5:**
Describe the business, contractual and/or corporate relationship between John
Hancock Retirement Plan Services, LLC and each of the following:
(a) New York Life Insurance Company;
(b) NYLIFE Securities, LLC;
(c) Peter M. Kirkfield;
(d) New York Life Investment Management, LLC; and
(e) John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 5:**
There is no business, contractual and/or corporate relationship between John
Hancock Retirement Plan Services, LLC and the entities listed in (a) through (e)
of Interrogatory No. 5.

Plaintiff argues that John Hancock Retirement's answer to this interrogatory is

inconsistent with its Interrogatory Nos. 3 and 4, and is also inconsistent with Mr. Kirkfield's

response to his own Interrogatory No. 5. (R. Doc. 27-1 at 9-10).  In response, John Hancock

Retirement represents that its answer is correct and "is not in conflict with any of its other

responses." (R. Doc. 45 at 7-8).

The Court finds that, for the purposes of this interrogatory, John Hancock Retirement's

answer is insufficient as it pertains to Mr. Kirkfield.  These interrogatory responses specifically

indicate that Mr. Kirkfield provided the information used to prepare them and also that John

Hancock Retirement Plan Services, LLC has paid Mr. Kirkfield $6,380.18.  The Court can only

presume that John Hancock Retirement Plan Services, LLC's response is somehow limited by its

interpretation of "business" relationship – presumably in a way that would not even cover

thousands of dollars in payment or assistance in litigation, or any other interaction.  Accordingly,

John Hancock Retirement Plan Services, LLC shall explain any interaction with Mr. Kirkfield

and the nature of that interaction or "relationship" up to the date of this Order.

As to the other entities, the interrogatory does not ask John Hancock Retirement to identify transactions it has engaged in with the other parties.  Plaintiff may explore such transactions between John Hancock Retirement and the other defendants in more detail through depositions.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 5.  A supplemental response must be provided within 14 days of the date of this Order.

### 6.    Interrogatory No. 6

**INTERROGATORY NO. 6:**
Please state whether any emails, correspondence, notes, memoranda, text messages, and/or any other writing or recording of any kind or nature relating to the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan have been deleted or destroyed since the inception of the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan, and if so, please describe each and every such email, correspondence, notes, memoranda, text messages, or other writing or recording.

**RESPONSE TO INTERROGATORY NO. 6:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and not reasonably limited in scope.

Plaintiff argues that the interrogatory asks whether relevant documents have been destroyed, which is relevant to a potential claim of spoliation. (R. Doc. 27-1 at 10).  In response, John Hancock Retirement argues that the interrogatory is overly broad and not proportional to the needs of this case because it seeks descriptions of specific deleted or destroyed corresponded "relating to" the H&E retirement plan. (R. Doc. 45 at 8).

Plaintiff has not raised a spoliation claim in this proceeding, and has provided no foundation for asserting such a claim based upon insufficient productions of documents.  As

stated, the interrogatory is overly broad and, in the absence of any evidence supporting spoliation of evidence, disproportional to the needs of this case.[1]

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 6.

### 7.      Interrogatory No. 7

**INTERROGATORY NO. 7:**
Please give the name and address of each and every person employed by or who acted as a representative of John Hancock Retirement Plan Services, LLC who you believe to have knowledge about the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan from 2012 to the present.

**RESPONSE TO INTERROGATORY NO. 7:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad and calls for speculation.

Plaintiff argues that Interrogatory No. 7 "is a standard interrogatory question in the initial interrogatory questions at the commencement of most litigation" and that the objection is frivolous. (R. Doc. 27-1 at 11).  In response, John Hancock Retirement argues that the request is overly broad and otherwise calls for speculation. (R. Doc. 45 at 9).

The Court agrees that the interrogatory is overly broad as stated.  Accordingly, the Court will limit the request to John Hancock Retirement's employees and/or representatives with knowledge regarding Plaintiff's compensation derived or in connection to the H&E retirement plan, the effect of the acquisition of MYLIM on the H&E retirement plan, and whether or how the acquisition will affect or impact any compensation or payment, in any form, to Plaintiff.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Interrogatory No. 7.  A supplemental response must be provided within 14 days of the date of this Order.

---

[1] To the extent Plaintiff has concerns about the preservation of records, the court will allow limited discovery regarding any document retention policies of the custodian(s) of relevant documents.

### 8.    Interrogatory No. 8

**INTERROGATORY NO. 8:**
Please give your understanding of any and all agreements and/or contracts
between any and all of the following entities and Paul Cangelosi with respect to
the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan:
(a) New York Life Insurance Company;
(b) New York Life Investment Management, LLC;
(c) NYLIFE Securities, LLC;
(d) Peter M. Kirkfield; and
(e) John Hancock Retirement Plan Services, LLC.

**RESPONSE TO INTERROGATORY NO. 8:**
Defendant objects to this discovery on the grounds and to the extent it overly
broad and calls for speculation. Subject to and without waiving said objection,
Defendant states that the contracts and agreements are the best evidence of the
contents of those contracts and agreements.

Plaintiff again argues that John Hancock Retirement should have responded by producing

written contracts. (R. Doc. 27-1 at 12).  In response, John Hancock Retirement represents that it

does not have any contract or agreement with Plaintiff. (R. Doc. 45 at 10).

The Court finds that an interrogatory is an inappropriate discovery device for obtaining

agreements and/or contracts between Plaintiff and the defendants, as well as an inappropriate

discovery device for obtaining a defendant's understanding of such agreements and/or contracts.

Furthermore, John Hancock Retirement represents it does not have a contract or agreement with

Plaintiff.  Plaintiff may seek additional information through other discovery devices such as

requests for production and a Rule 30(b)(6) deposition.

Based on the foregoing, the Motion is denied with regard to Interrogatory No. 8.

### 9.    Interrogatory No. 9

**INTERROGATORY NO. 9:**
Please state in detail how the H&E Equipment Services, Inc. 401(k) Profit
Sharing Plan was valued in your acquisition of the assets, retirement plans under
management and/or the business of New York Life Investment Management,
LLC.

**RESPONSE TO INTERROGATORY NO. 9:**
Defendant objects to this Interrogatory as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory as improper on the grounds and to the extent it seeks documents that contain confidential and proprietary information, the disclosure of which may subject Defendant, to competitive disadvantage.

Plaintiff again that this interrogatory is relevant to the issue of recoverable damages. (R. Doc. 27-1 at 13).  In response, John Hancock Retirement argues that the information sought is irrelevant and confidential. (R. Doc. 45 at 10-11).

The Court concludes that this interrogatory seeks information relevant to Plaintiff's allegations that he is entitled to a percentage of the value received by NYLIM regarding the sale of the H&E retirement plan.  Plaintiff specifically alleges that the NYLIM's breach "resulted in the loss of compensation otherwise due Cangelosi for a percentage of revenues" derived by NYLIM and/or New York Life from the H&E retirement plan. (Am. Compl. ¶ 51).  Furthermore, Plaintiff alleges he has "sustained a direct loss of $80,000.00 per year in compensation expressed as a percentage of total revenue to NYLIM in connection with the H&E retirement plan and will continue to suffer a loss no less than $80,000.00 for as long as NYLIM or its successor administer the H&E employee retirement plan." (Am. Compl. ¶ 52).  The value of the H&E retirement plan at the time of sale is relevant to determining the amount of recoverable damages, if any, sustained by Plaintiff after the sale of the retirement plan.

Based on the foregoing, the Motion is granted with regard to Interrogatory No. 9.  A supplemental response must be provided within 14 days of the date of this Order.

### 10.    Request for Production No. 1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**
Please provide a copy of any and all emails, correspondence, notes, memoranda, and/or writings or recordings of any kind or nature, sent or received by or on

behalf of John Hancock Retirement Plan Services, LLC in any way pertaining to
the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**
Defendant objects to this discovery as improper on the grounds and to the extent it
is overly broad, unduly burdensome, and not reasonably limited in scope.

Plaintiff argues that the request seeks "relevant information along the same line sought in

Interrogatory No. 9." (R. Doc. 27-1 at 13).  In response, John Hancock Retirement stands by his

objections. (R. Doc. 45 at 12).

As stated, the Court finds the request for production to be overly broad as it is not limited

to documents in the possession, custody, or control of John Hancock Retirement that concern

both Plaintiff and the H&E retirement plan.  Accordingly, the Court will limit the request to

documents in the possession, custody, and control of John Hancock Retirement pertaining both

to Paul Cangelosi and the H&E Equipment Services, Inc. Profit Sharing Plan.

Based on the foregoing, the Motion is granted in part and denied in part with regard to

Request for Production No. 1.  The parties are to meet-and-confer to discuss the collection and

production of e-mails and other documents responsive to this request for production as limited by

the Court within 14 days of the date of this Order.

### 11.     Request for Production No. 2

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Please provide a copy of any and all emails, correspondence, notes, memoranda,
text messages, and/or writings or recordings of any kind or nature pertaining to
Paul Cangelosi.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**
Defendant objects to this discovery as improper on the grounds and to the extent it
is overly broad, unduly burdensome, and not reasonably limited in scope.

The Court finds the instant request for documents to be overly broad.  To the degree this request for production can be narrowed, it is completely subsumed by Request for Production No. 1 as limited by the Court above.

Based on the foregoing, the Motion is denied with regard to Request for Production No. 2.

### 12.    Request for Production No. 3

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**
Please produce a copy of any and all emails, correspondence, notes, memoranda, text messages, and written or recorded communications with H&E Equipment Services, Inc. or any agent or representative thereof, from 2012 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**
See response to Request for Production of Documents No. 2.

Plaintiff argues that the request is "not improper or overbroad, and the objection to answering it is frivolous." (R. Doc. 27-1 at 15).  In response, John Hancock Retirement stands by his objections. (R. Doc. 45 at 12).

As stated, the request for production is overly broad.  Accordingly, the Court will limit the response to this request for production to documents pertaining to Plaintiff's compensation derived or in connection to the H&E retirement plan, the effect of the acquisition of MYLIM on the H&E retirement plan, and whether or how the acquisition will affect or impact any compensation or payment, in any form, to Plaintiff.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 3.  The parties are to meet-and-confer to discuss the collection and production of e-mails and other documents responsive to this request for production as limited by the Court within 14 days of the date of this Order.

### 13.      Request for Production No. 4

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**
Please produce a copy of any and all emails, correspondence, notes, memoranda, text messages, and written or recorded communications with New York Life Insurance Company, New York Life Investment Management, LLC and/or any agent or representative thereof, from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**
Defendant objects to this discovery as improper on the grounds and to the extent it is overly broad, unduly burdensome, and not reasonably limited in scope.

Plaintiff argues that the information sought is relevant. (R. Doc. 27-1 at 15).  In response, John Hancock Retirement stands by his objections. (R. Doc. 45 at 13).

As stated, the request for production is overly broad.  Accordingly, the Court will limit the response to this request for production to documents pertaining to Plaintiff's compensation derived or in connection to the H&E retirement plan, the effect of the acquisition of MYLIM on the H&E retirement plan, and whether or how the acquisition will affect or impact any compensation or payment, in any form, to Plaintiff.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 4.  The parties are to meet-and-confer to discuss the collection and production of e-mails and other documents responsive to this request for production as limited by the Court within 14 days of the date of this Order.

### 14.      Request for Production No. 5

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**
Please produce a copy of any and all written contracts and/or agreements of any kind or nature between John Hancock Retirement Plan Services, LLC and each of the following:
(a) New York Life Insurance Company;
(b) NYLIFE Securities, LLC;
(c) Peter M. Kirkfield;
(d) New York Life Investment Management, LLC;
(e) John Hancock Retirement Plan Services, LLC,

in any way related to the H&E Equipment Services, Inc. 401 (k) Profit Sharing Plan.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**
Defendant objects to this Interrogatory as improper on the grounds and to the extent subparts (a), (b), and (d) seek documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory as improper on the grounds and to the extent subparts (a), (b), and (d) seek documents that contain confidential and proprietary information, the disclosure of which may subject Defendant to competitive disadvantage. There are no documents responsive to subparts (c) and (e) of this Interrogatory.

Plaintiff argues that a response seeks relevant information, and John Hancock Retirement should be ordered to produce documents as well as a privilege log if applicable. (R. Doc. 27-1 at 18).  In response, John Hancock Retirement argues that the request for production seeks "documents or information that is neither relevant to the claims or defendants of any party, not reasonably calculated to lead to the discovery of admissible evidence." (R. Doc. 45 at 14).  John Hancock Retirement otherwise argues that the documents sought contain confidential and proprietary information.

The Court finds the request to be overly broad as stated.  The Court will limit the request to any and all agreements and/or contracts between John Hancock Retirement and the listed entities to the extent they discuss the handling of compensation and/or distribution of revenue in any way related to the H&E retirement plan, as well as the handling or Plaintiff's compensation derived or in connection to the H&E retirement plan, the effect of the acquisition of MYLIM on the H&E retirement plan, and whether or how the acquisition will affect or impact any compensation or payment, in any form, to Plaintiff.

Based on the foregoing, the Motion is granted with regard to Request for Production No. 5.  A supplemental response must be provided within 14 days of the date of this Order.  No further response to subsequences (c) and (e) is required.

**15.      Request for Production No. 6**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
Please provide a copy of the acquisition and/or sale document relating to the
purchase of the assets, retirement plans under management and/or business of
New York Life Investment, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**
Defendant objects to this Interrogatory as improper on the grounds and to the
extent it seeks documents or information that is neither relevant to the claims or
defenses of any party, nor reasonably calculated to lead to the discovery of
admissible evidence. Defendant also objects to this Interrogatory as improper on
the grounds and to the extent it seeks documents that contain confidential and
proprietary information, the disclosure of which may subject Defendant, to
competitive disadvantage.

Plaintiff argues he seeks relevant information, and John Hancock Retirement should be
ordered to produce documents as well as a privilege log if applicable. (R. Doc. 27-1 at 17).  In
response, John Hancock Retirement argues that the "value of the Plan has no relevance to Paul
Cangelosi's compensation" and otherwise stands by its objections. (R. Doc. 45 at 15).

The Court finds the request to be overly broad as stated.  NYLIFE need only produce the
requested sale documents to the extent they contain any agreements regarding the valuation of
the H&E retirement plan as a component to the sale, or any decision concerning Plaintiff's
compensation or continued involvement with the H&E retirement plan.  To the extent any sale
documents to be produced contains confidential information, NYLIFE may seek an appropriate
protective order.

Based on the foregoing, the Motion is granted in part and denied in part with regard to
Request for Production No. 6.  A supplemental response must be provided within 14 days of the
date of this Order.

### 16.     Request for Production No. 7

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
Please provide a copy of any and all documents, records, writings or recordings of any kind or nature reflecting the valuation of the H&E Equipment Services, Inc. 401(k) Profit Sharing Plan in connection with the sale and/or acquisition of the assets, retirement plans under management or business of New York Life Investment Management, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**
Defendant objects to this Interrogatory as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory as improper on the grounds and to the extent it seeks documents that contain confidential and proprietary information, the disclosure of which may subject Defendant, to competitive disadvantage.

Plaintiff argues he seeks relevant information, and John Hancock Retirement should be ordered to produce documents as well as a privilege log if applicable. (R. Doc. 27-1 at 17).  In response, John Hancock Retirement argues that the "value of the Plan has no relevance to Paul Cangelosi's compensation" and otherwise stands by its objections. (R. Doc. 45 at 16).

The Court finds the request to be limited in scope and relevant to the claims and defenses in this litigation.

Based on the foregoing, the Motion is granted with regard to Request for Production No. 7.  A supplemental response must be provided within 14 days of the date of this Order.

### 17.     Request for Production No. 8

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
Please provide a copy of any and all emails, correspondence, notes, memoranda, text messages, and written or recorded communications of any kind or nature relating to the sale, valuation, negotiation and/or acquisition of the assets, retirement plans under management or business of New York Life Investment Management, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**
Defendant objects to this Interrogatory as improper on the grounds and to the extent it seeks documents or information that is neither relevant to the claims or

defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory as improper on the grounds and to the extent it seeks documents that contain confidential and proprietary information, the disclosure of which may subject Defendant, to competitive disadvantage.

Plaintiff argues he seeks relevant information, and John Hancock Retirement should be ordered to produce documents as well as a privilege log if applicable. (R. Doc. 27-1 at 18).  In response, John Hancock Retirement argues that the "value of the Plan has no relevance to Paul Cangelosi's compensation" and otherwise stands by its objections. (R. Doc. 45 at 17).

The Court finds the request to be overly broad as stated.  NYLIFE need only produce the requested documents to the extent they relate to the valuation of the H&E retirement plan as a component to the sale.  To the extent any identified documents to be produced contains confidential information, NYLIFE may seek an appropriate protective order.

Based on the foregoing, the Motion is granted in part and denied in part with regard to Request for Production No. 8.  A supplemental response must be provided within 14 days of the date of this Order.

## III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 27) is **GRANTED IN PART and DENIED IN PART** consistent with the terms of this Order.  The parties shall bear their own costs.  Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention.  Should the parties be unable to resolve the dispute, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference

was conducted by phone or in person, (5) the duration of the conference, (6) the specific,

itemized topics that were addressed at the conference, and (7) whether any issues were resolved

by the parties.

The parties shall also confer as to whether any protective order shall be issued to protect

the dissemination of any proprietary or confidential information to be provided in this matter and

consistent with this Order.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**